**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:18-CR-00019-ALM-AGD |
| | § | |
| YVONNE OWEN (9) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Yvonne Owen's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 31, 2026, to determine whether Defendant violated her supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Marisa Miller.

Defendant was sentenced on August 1, 2019, before Chief District Judge Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years and a statutory minimum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of II, was 60 months. Defendant was subsequently sentenced to 60 months followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; and $100 special assessment. On November 30, 2022, Defendant completed her period of imprisonment and began service of the supervision term.

On August 12, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #459, Sealed). The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (standard) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate with that person without first getting the permission of the probation officer; and (3) (special) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing (Dkt. #459, at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On June 9, 2026, November 10, 2025, and July 7, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas, which tested positive for methamphetamine. The specimen was sent to the national lab for confirmation. On March 28, 2025, and August 5, 2026, Defendant submitted a urine specimen at the U.S. Probation Office, which tested positive for methamphetamine and prior to submission of the urine specimen, Defendant admitted to smoking methamphetamine day(s) prior. Also, Defendant signed written admission forms. On November 17, 2025, the positive drug test was discussed with Defendant by phone, and Defendant admitted to using methamphetamine on November 8, 2025. On July 8, 2025, Defendant contacted her probation officer by phone and admitted to using methamphetamine on or about July 7, 2025; (2) Following the positive urine specimen on November 10, 2025, Defendant admitted she used methamphetamine with a former friend and gave in to the temptation of using with her. As such

Defendant associated with someone engaged in criminal activity. Defendant did not have permission from the probation officer. On June 10, 2026, the positive urine specimen submitted on June 9, 2026, was discussed with Defendant by phone, and Defendant admitted to using methamphetamine on June 6, 2026. According to Defendant, she gave an acquaintance from work a ride home. Upon arriving at the residence, Defendant was invited inside, where they used methamphetamine. As such, Defendant associated with someone engaged in criminal activity. Defendant did not have permission from the probation officer; and (3) Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on November 7, 2025 and August 3, 2026, as part of the random drug testing program (Dkt. #459, at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1), (2), and (3) of the Petition. Having considered the Petition and the plea of true to allegations (1), (2), and (3), the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of six (6) months, with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 11th day of September, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE